**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FREDERICK T. BREWSTER, | No. 12-35490 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-05597-RBL |
| v. | |
| WACHOVIA MORTGAGE, FSB; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Frederick T. Brewster appeals pro se from the district court's summary judgment in his action alleging federal and state law foreclosure-related claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Edwards v. Wells Fargo & Co.*, 606 F.3d 555, 557 (9th Cir. 2010). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Brewster's claim under the Fair Debt Collection Practices Act ("FDCPA") because Brewster failed to raise a genuine dispute of material fact as to whether Wells Fargo is a "debt collector." *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under FDCPA as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"); *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009) ("[A] creditor is not a debt collector under the FDCPA." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Brewster's Real Estate Settlement Procedures Act claim because Brewster failed to raise a genuine dispute of material fact as to whether Wells Fargo provided an inadequate written response to Brewster's inquiry as to the current owner of his mortgage loan. *See* 12 U.S.C. § 2605(e) (identifying service-related inquires that require a loan servicer to respond).

The district court properly granted summary judgment on Brewster's quiet title claim because Brewster failed to raise a genuine dispute of material fact as to whether he had defaulted on his mortgage. *See Walker v. Quality Loan Srv. Corp.*, 308 P.3d 716, 728 (Wash. Ct. App. 2013) ("A plaintiff in an action to quiet title must prevail, if he prevails at all, on the strength of his own title" (citation and quotation marks omitted)).

The district court did not abuse its discretion by denying Brewster's motion to file a surreply because Brewster did not identify in his motion any basis for granting leave to file a surreply. *See Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir. 2008) (court reviews for abuse of discretion a district court's decisions concerning its management of litigation). To the extent Brewster's motion to file a surreply is construed as a Fed. R. Civ. P. 56(d) motion for additional discovery, such motion fails because Brewster failed to demonstrate that the discovery requested would have precluded summary judgment. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment).

The district court did not abuse its discretion in denying Brewster's motion to alter or amend the judgment because Brewster failed to demonstrate any grounds for such relief. *See Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (setting forth standard of review and outlining requirements for granting relief under Fed. R. Civ. P. 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

12-35490